# **<u>EXHIBIT A</u>**

Electronically FILED by Superior Court of California, County of Los Angeles on 01/24/2022 01:59 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Lozano,Deputy Clerk

MICHAEL CROSNER, ESQ. (SBN 41299)
mike@crosnerlegal.com
ZACHARY CROSNER, ESQ. (SBN 272295)
zach@crosnerlegal.com
BLAKE JONES, ESQ. (SBN 211279)
blake@crosnerlegal.com
**CROSNER LEGAL, P.C.**
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel.  (310) 496-5818
Fac. (818) 700-9973

Attorneys for Plaintiff LASHAE DANDY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

LASHAE DANDY, as an individual on
behalf of herself and on behalf of all
others similarly situated,

            Plaintiff,

    v.

PASADENA HOSPITAL ASSOCIATION,
LTD., a California corporation; and DOES 1-
50, Inclusive,

        Defendants.

CASE NO.  22STCV02732

**CLASS ACTION COMPLAINT FOR:**

1.  **Violation of the Fair Credit Reporting
    Act ("FCRA") [15 U.S.C. §§ 1681, *et seq.*]**

**DEMAND FOR JURY TRIAL**

CLASS ACTION COMPLAINT

1        Plaintiff, LASHAE DANDY ("Plaintiff"), on behalf of Plaintiff and on behalf of all others

2  similarly situated, hereby files this Complaint against Defendant PASADENA HOSPITAL

3  ASSOCIATION, LTD., a California corporation; and DOES 1-50 (collectively, "Defendant").

4  Plaintiff is informed and believes and thereon alleges as follows:

5                                 **INTRODUCTION**

6      1.    Plaintiff brings this class action against Defendant for alleged violations of the Fair

7  Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*

8      2.    This class action arises from Defendant's acquisition and use of consumer and/or

9  investigative consumer reports (referred to as "background reports") to conduct background

10  checks on Plaintiff and other prospective, current and former employees.

11      3.    Plaintiff alleges that Defendant routinely acquired and continues to acquire

12  background reports to conduct background checks on Plaintiff and other prospective, current, and

13  former employees and use information from background reports in connection with its hiring

14  process without providing proper disclosures and obtaining proper authorization in compliance

15  with the FCRA.

16      4.    The procurement of background reports for employment purposes is subject to

17  strict disclosure requirements under federal law pursuant to the FCRA. Among other things, an

18  employer may not procure a background report concerning a job applicant unless 1) a "clear and

19  conspicuous" disclosure is made in a stand-alone document that "consists solely of the

20  disclosure" informing the applicant that a report may be obtained for employment purposes and

21  clearly setting forth the nature and scope of the consumer report; 2) a summary of the applicant's

22  rights with regard to the consumer report is provided to the applicant; and 3) provides the

23  applicant with accurate and legally compliant information and disclosures with regard to its

24  investigative consumer report.

25      5.    Defendant failed to follow these strict disclosure and procedural requirements, in

26  violation of the FCRA.

27      6.    Plaintiff, individually, and on behalf of all similarly situated current, former, and

28  prospective employees, seeks statutory damages due to Defendant's systemic and willful

2

violations of the FCRA.

## **PARTIES**

7.     Plaintiff LASHAE DANDY is, and at all relevant times was, an individual and natural person domiciled in the State of California and a citizen of the State of California who worked for Defendant.

8.     Defendant PASADENA HOSPITAL ASSOCIATION, LTD. is a California corporation, authorized to do business in California and maintains its principal place of business in Los Angeles County, California.   Defendant and its managing agents own, operate, or otherwise manage a hospital located at 100 W. California Blvd. Pasadena, California 91105.

9.     Plaintiff is unaware of the true names of Defendants DOES 1 through 50.  Plaintiff sues said defendants by said fictitious names and will amend this complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiff is informed and believes that each of the fictitiously named Defendants is in some manner responsible for the events and allegations set forth in this complaint.

10.     Plaintiff is informed, believes, and thereon alleges that at all relevant times, each defendant was an employer, was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged in this complaint. Plaintiff is further informed and believes and thereon alleges that each defendant acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, each defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other defendants. As used in this complaint, "Defendant" means "Defendants and each of them," and refers to the Defendants named in the particular cause of action in which the word appears and includes PASADENA HOSPITAL ASSOCIATION, LTD. and DOES 1 to 50, inclusive.

3

11.     At all times mentioned herein, each Defendant was the co-conspirator, agent, servant, employee, and/or joint venture of each of the other defendants and was acting within the course and scope of said conspiracy, agency, employment, and/or joint venture and with the permission and consent of each of the other Defendants.

12.     Plaintiff makes the allegations in this complaint without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proving, or persuading and Plaintiff reserves all of Plaintiff's rights to plead in the alternative.

## JURISDICTION AND VENUE

13.     This Court has jurisdiction over Plaintiff's and the Class Members' claims for FCRA violations for the following reasons upon information and belief: Defendant PASADENA HOSPITAL ASSOCIATION, LTD., at all relevant times, was duly licensed to conduct business in the State of California; and DOES 1-50, inclusive, (collectively "Defendant") operate throughout California; Defendant employed Plaintiff in Los Angeles County in the State of California; and the principal violations of law occurred in Los Angeles County; the conduct of Defendant forms a significant basis for Plaintiff's and the Class Members' claims; and because the relief sought by Plaintiff and the Class Members exceeds the minimal jurisdiction of the Superior Court of the State of California.

14.     Venue is proper in the County of Los Angeles pursuant to Code of Civil Procedure sections 395(a) and 395.5 in that liability arose in this county because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each defendant maintains its principal place of business therein.

## FACTUAL AND LEGAL ALLEGATIONS

15.     Plaintiff applied for a job with Defendant and worked for Defendant from on or about March 16, 2020 until on or about April 21, 2020.

16.     In evaluating Plaintiff for employment, Defendant procured or caused to be procured a background report, i.e., a consumer report and/or investigative consumer report, as defined by 15 U.S.C. § 1681a(d)(1)(B) and 15 U.S.C. § 1681a(e).

17.     In connection with Plaintiff's employment application, Plaintiff completed

4

1  Defendant's standard application materials, which, on information and belief, are used regularly
2  by Defendant for all job applicants during the relevant time period in connection with its
3  employment policies, procedures, and/or practices.

4      18.    As part of Plaintiff's application, Defendant purported to inform Plaintiff and other
5  class members that a background check would be obtained and included in the application
6  materials a copy of documents purporting to give Defendant authorization to perform a
7  background check.

8      19.    This purported disclosure and authorization contains extraneous information
9  which is irrelevant to Defendant's disclosure of its intent to obtain a background report and
10 describes information that does not constitute a consumer report or investigative consumer report.
11 Defendant's disclosure and authorization form violates the "standalone document" requirement of
12 the FCRA and fails to satisfy FCRA's "clear and conspicuous" requirements. Defendant did not
13 provide a stand-alone authorization as required by applicable law and failed to adhere to the strict
14 consumer report disclosure and procedural requirements pursuant to the FCRA.

15                        **CLASS ALLEGATIONS**

16     20.    Plaintiff brings this lawsuit on behalf of Plaintiff and as a class action pursuant to
17 Code of Civil Procedure section 382 because there is a well-defined community of interest among
18 many persons who comprise the class defined below.

19     21.    **Class Definitions:**  The classes are defined as follows:

20         A.    **FCRA Class:**    All of Defendant's current, former and prospective
21 applicants for employment in California who applied for a job with Defendant at any time during
22 the period for which a background check was performed beginning five years prior to the filing of
23 this action and ending on the date that final judgment is entered in this action.

24     22.    **Revisions to Proposed Class Definitions:**  Pursuant to California Rules of Court,
25 Rule 3.765(b), Plaintiff reserves the right to amend or modify the class definitions by further
26 division into subclasses and/or by limitation to particular issues.

27     23.    **Numerosity:**  The class members are so numerous that the individual joinder of
28 each individual class member is impractical.

5

24.     **Commonality and Predominance:**  Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members.  These include, but are not limited to:

      A.     Whether Defendant willfully failed to provide the class with clear and conspicuous, stand-alone written disclosures before obtaining a creditor background report in compliance with the statutory mandates;

      B.     Whether Defendant willfully included extraneous information, including but not limited to, state law disclosures, in its Notice Regarding Background Investigation;

      C.     Whether Defendant willfully failed to provide a summary of rights with regard to its investigative consumer report pursuant to its obligations under the FCRA;

      D.     Whether Defendant willfully failed to clearly and accurately disclose the full purpose of the investigative consumer report pursuant to federal requirements;

      E.     Whether Defendant willfully failed to include accurate and legally required information and disclosures with regard to its investigative consumer report;

      F.     Whether Defendant willfully failed to comply with the FCRA.

25.     **Typicality:**  Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereon alleges that Defendant has a policy, practice or a lack of a policy that resulted in Defendant failing to comply with the FCRA as alleged herein.

26.     **Adequacy of Class Representative:**  Plaintiff is an adequate class representative in that Plaintiff has no interests that are adverse to, or otherwise in conflict with, the interests of absent class members. Plaintiff is dedicated to vigorously prosecuting this action on behalf of class members. Plaintiff will fairly and adequately represent and protect the interests of class members.

27.     **Adequacy of Class Counsel:**  Plaintiff's counsel are adequate class counsel in that

6

they have no known conflicts of interest with Plaintiff or absent class members, are experienced in class action litigation and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

28.    **Superiority:**  A class action is vastly superior to other available means for fair and efficient adjudication of class members' claims and would be beneficial to the parties and the Court.  Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort of effort and expense that numerous individual actions would entail.   In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them.  Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE FCRA

### (15 U.S.C. §§ 1681, et seq.)

### (By Plaintiff and the FCRA Class Against Defendant PASADENA HOSPITAL ASSOCIATION, LTD, and DOES 1-50)

29.    Plaintiff incorporates by reference all the allegations contained in this Complaint as if fully alleged herein.

30.    Defendant is a "person" as defined by section 1681a(b) of the FCRA.

31.    Plaintiff and the FCRA Class members are "consumers" within the meaning of section 1681a(c) of the FCRA, because they are "individuals."

32.    Plaintiff alleges based on information and belief that in evaluating Plaintiff and the FCRA Class for employment, Defendant procured or caused to be prepared background reports (i.e., a consumer report and/or investigative consumer report, as defined by 15 U.S.C. section 1681a(d)(1)(B) and 15 U.S.C. section 1681(a)).

7

33.     Under the FCRA, it is unlawful to procure or cause to be procured, a consumer or investigative consumer report for employment purposes unless a "clear and conspicuous" disclosure is made in a document that consists "solely" of the disclosure and the consumer has authorized, in writing, the procurement of the report. 15 U.S.C. section 1681b(b)(2)(A)(i)-(ii).

34.     The disclosures provided by Defendant contain extraneous and superfluous language that does not consist solely of the disclosure as required by the FCRA and/or is not clear and conspicuous. In violation of Section 1681b(b)(2)(A) of the FCRA, the following provisions of Defendant's disclosure documents contain extraneous information that violates the "solely" requirement of the FCRA and/or is not clear and conspicuous:

a. Defendant's disclosure includes a section under the heading, **"New York applicants or employees only."**

i. This language is extraneous and noncompliant with FCRA disclosure requirements. Specifically, the rights of New York applicants have no bearing on the rights of California applicants. The inclusion of this section only serves to make the disclosure unclear, in violation of the FCRA disclosure requirements.

b. Defendant's disclosure includes a section under the hearing, "**Minnesota and Oklahoma applicants or employees only:**"

i. This language is extraneous and noncompliant with FCRA disclosure requirements. Specifically, the rights of Minnesota and Oklahoma applicants have no bearing on the rights of California applicants. The inclusion of this section only serves to make the disclosure unclear, in violation of the FCRA disclosure requirements.

c. Defendant's disclosure includes the following statement: "The scope of this notice and authorization is all-encompassing, however, allowing Huntington Memorial Hospital to obtain from any outside organization all manner of consumer reports and investigative consumer reports now and, if you are hired, throughout the course of your employment to the extent permitted by law."

i. This language is unclear and noncompliant with FCRA disclosure requirements. Specifically, the statement is vague, ambiguous and rendered unintelligible as it implies that there may be some limits on the all-encompassing nature of the authorization but does not identify what the limits to the scope of the authorization might be. The inclusion of this language renders the disclosure unclear, in violation of the FCRA disclosure requirements.

35.    The inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and "clear and accurate," and thus violates Sections 1681b(b)(2)(A) and 1681d(a). Specifically, the disclosure does not comply with the "clear and conspicuous" requirement for among other reasons: (1) the disclosure includes muti-state information that is not a permissible element in an FCRA disclosure and reduces clarity as to what rights each applicant or employee possesses and (2) The disclosure includes language that implies a limitation to the scope of the authorization but does not clearly state what those limitations may be and reduces clarity as to what rights each applicant or employee possesses. The FCRA disclosure should be a standalone document and, if desired, a bare authorization to obtain information, without being weighed down by multiple, irrelevant state law references, and contradictory rights summaries, and acknowledgment of receipt of separate documents, and impermissible references to side documents containing information not set forth in the purported disclosure.

36.    The purported disclosures provided to Plaintiff and other class members prior to obtaining background reports do not meet the requirements under the law because they do not stand alone as they were included as part of Defendant's employment application and are embedded with extraneous information, including, but not limited to, multiple state law disclosures. See, *Syed v. M-1, LLC*, 846 F.3d 1034 (9th Cir. 2017) and *Gilberg v. Cal. Check Cashing Stores, LLC*, 913 F.3d 1169 (9th Cir. 2019).

37.    Moreover, section 1681d(a)(1) of the FCRA provides:
A person may not procure or cause to be prepared an investigative consumer report on any consumer unless:

(1) it is **clearly and accurately disclosed** to the consumer that an investigative

9

consumer report including information as to his character, general reputation, personal characteristics, and *mode of living*, whichever are applicable, may be made, and such disclosure; (Emphasis Added.)

(2) is made in a writing mailed, or otherwise delivered, to the consumer, not later than three days after the date on which the report was first requested, and

(3) includes a statement informing the consumer of his right to request the additional disclosures provided for under subsection (b) of this section *and the written summary of the rights of the consumer prepared pursuant to section 1681g(c)* of this title; (Emphasis Added.)

(4)  Subsection (b) of Section 168ld(a)(l) provides:

Any person who procures or causes to be prepared an investigative consumer report on any consumer shall, upon written request made by the consumer within a reasonable period of time after the receipt by him of the disclosure required by subsection (a)(l) of this section or subsection (a)(1) of this section, make a complete and accurate disclosure of the nature and scope of the investigation requested. This disclosure shall be made in a writing mailed, or otherwise delivered, to the consumer not later than five days after the date on which the request for such disclosure was received from the consumer or such report was first requested, whichever is the later.

38.    Defendant did not comply with Section 1681d(a)(1) because Defendant failed to disclose that its investigative consumer report may include investigation into "mode of living." Defendant further violated Section 1681d(a)(1) by including in its disclosure form, extraneous provisions and information, such as, but not limited to, the multi-state-law disclosures described *supra*, causing the FCRA disclosure to not be "clear and accurate," in violation of Section 1681d(a).  Defendant further failed to comply with Section 1681d(a)(1) by failing to provide Plaintiff and the FCRA Class with a written summary of rights pursuant to Section 1681g(c).

39.    Section 1681g(c) provides for a summary of rights to obtain and dispute information in consumer reports and to obtain credit scores as:

(1)    Commission summary of rights requires:

(A)    The Commission shall prepare *a model summary of the rights* of consumers under this subchapter.

(B)    Content of summary:

The summary of rights prepared under subparagraph (A) shall include a description of –

(i)        the right of a consumer to obtain a copy of a consumer report under

10

subsection (a) of this section from each consumer reporting agency;

(ii)        the frequency and circumstances under which a consumer is entitled to receive a consumer report without charge under subsection 1681j of this title;

(iii)        the right of a consumer to dispute information in the file of the consumer under subsection 1681i of this title;

(iv)        the right of a consumer to obtain a credit score from a consumer reporting agency, and a description of how to obtain a credit score;

(v)        the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency without charge, as provided in the regulations of the Bureau prescribed under section 211© of the Fair and Accurate Credit Transactions Act of 2003; and

(vi)        the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency described in section 1681a(w) of this title, as provided in the regulations of the Bureau prescribed under section 1681j(a)(1)(C) of this title.

40.    Defendant did not comply with Section 1681g(c) because no such summary of rights was ever provided to Plaintiff and the putative class. Defendant did not comply with Section 1681g(c) because the disclosure included information contrary to the FCRA.

41.    Based upon facts that are likely to have evidentiary support after a reasonable opportunity for investigation and discovery, Plaintiff alleges that Defendant has a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring credit reports and/ or consumer investigative reports or causing credit reports and/ or consumer investigative reports to be procured, as described above. Pursuant to that policy and practice, Defendant procured credit reports and/or consumer investigative reports or caused such reports to be procured for Plaintiff and class members that are in non-compliance with Sections 1681b(b)(2)(A), 1681d(a)(1) and 1681g(c), as described above.

42.    Defendant's conduct in violation of Sections 1681b(b)(2)(A), 1681d(a)(1) and 1681g(c) was and is willful. Defendant acted in deliberate or reckless disregard of its obligations and the rights of applicants and employees, including Plaintiff and class members. Defendant's

11

1   willful conduct is reflected by, among other things, the following facts:

2              (a)   Defendant is a large entity with access to legal advice;

3              (b)   Defendant required a purported authorization to perform credit checks and

4                    obtain investigative consumer reports in the process of employing the class

5                    members which, although defective, evidences Defendant's awareness of

6                    and willful failure to follow the governing laws concerning such

7                    authorizations; and

8       43.   Accordingly, Defendant willfully violated and continue to violate the FCRA,

9   including but not limited to, sections 1681b(b)(2)(A), 1681d(a)(1) and 1681g(c).  Defendant's

10  willful conduct is reflected by, among other things, the facts set forth above.

11      44.   Plaintiff, on behalf of Plaintiff and the FCRA Class, seeks remedies pursuant to the

12  15 U.S.C. section 1681n, including, statutory damages and attorneys' fees and costs.

13      45.   Pursuant to the FCRA, 15 U.S.C. section 1681n, Plaintiff and the class members

14  are entitled to recover statutory damages of "not less than $100 and not more than $1000 dollars"

15  for each of Defendant's violations.

16                              **PRAYER FOR RELIEF**

17      WHEREFORE, Plaintiff, on behalf of Plaintiff and on behalf of all others similarly

18  situated, prays for relief and judgment against Defendant as follows:

19      1.   An order that the action be certified as a class action;

20      2.   An order that Plaintiff be appointed class representative;

21      3.   An order that counsel for Plaintiff be appointed class counsel;

22      4.   Statutory damages;

23      5.   Statutory penalties;

24      6.   Costs of suit;

25      7.   Interest;

26      8.   Reasonable attorneys' fees; and

27  ///

28  ///

12

1    9.    Such other relief as the Court deems proper or as authorized by statute.

2

3    Dated:  January 24, 2022                    Respectfully submitted,
4                                                **CROSNER LEGAL, PC**

5
6                                                By: _____
                                                    Michael Crosner, Esq.
7                                                   Zachary Crosner, Esq.
                                                    Blake Jones, Esq.
8                                                   Attorneys for Plaintiff LASHAE DANDY

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

1

2                              **DEMAND FOR JURY TRIAL**

3           Plaintiff demands a trial by jury on all claims so triable.

4

5    Dated:  January 24, 2022                  Respectfully submitted,
                                                **CROSNER LEGAL, PC**
6

7

8    By:  _____
                                                Michael Crosner, Esq.
9                                               Zachary Crosner, Esq.
                                                Blake Jones, Esq.
10                                              Attorneys for Plaintiff LASHAE DANDY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        14
_____
                        CLASS ACTION COMPLAINT